# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HEATH VINCENT FULKERSON, | Case No.: 3:19-cv-00721-MMD-WGC |
| Plaintiff, | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| STATE OF NEVADA, et. al., | Re: ECF Nos. 1, 1-1 |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The

application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

1    The court must accept as true the allegations, construe the pleadings in the light most

2    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

3    U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent

4    standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

5    (internal quotation marks and citation omitted).

6        A complaint must contain more than a "formulaic recitation of the elements of a cause of

7    action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

8    level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

9    something more … than … a statement of facts that merely creates a suspicion [of] a legally

10   cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff

11   should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see*

12   *also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13       A dismissal should not be without leave to amend unless it is clear from the face of the

14   complaint that the action is frivolous and could not be amended to state a federal claim, or the

15   district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16   1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

17   **B. Plaintiff's Complaint**

18       The caption of Plaintiff's complaint names the State of Nevada, the City of Reno, the City

19   of Sparks, and the Nevada National Guard, but then goes on to list additional defendants Nevada

20   Governor Steve Sisolak, Reno Mayor Hillary Schieve, and Sparks Mayor Ron Smith. (ECF No.

21   1-1 at 1-3.)

22       Plaintiff alleges that state and local officials are responsible for depriving him and his

23   family from the protection of their freedom to live and participate in civil and political life and

society without discrimination or repression. (*Id*. at 3.) He goes on to allege that they have manipulated the "PUCN" and re-directed his family's communications on their cellular and home phones, filtered internet access. He also mentions that his homes have been burglarized numerous times, and while they were reported, they were not investigated. He goes on to assert that there has been vandalism to vehicles, phones have been hacked, and insurance claims defrauded.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

First, the State of Nevada and the Nevada National Guard are not persons that may be sued under section 1983, and furthermore, they may not be sued in federal court because of sovereign immunity under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S.

58 (1989); U.S. Const. amend XI. Therefore, the State of Nevada and Nevada National Guard should be dismissed with prejudice.

Second, Plaintiff only sues the Governor in his official capacity. Governor Sisolak may not be sued in his official capacity for damages. *See Kentucky v. Graham,* 473 U.S. 159 (1985); *Will,* 491 U.S. at 71. Plaintiff does not allege that he is suing for injunctive relief; therefore, there is no basis for suit against Governor Sisolak under section 1983.

Local governments may be sued under section 1983 for damages, declaratory and injunctive relief. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (citation omitted). "A municipality may not, however, be sued under a *respondeat superior* theory." *Id.* "A plaintiff must therefore show "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id.* (citation omitted) (emphasis original).

Plaintiff has not adequately pled factual allegations that give rise to any plausible claim for relief against the City of Reno or the City of Sparks, *i.e.,* he has not set forth which constitutional right each defendant violated, and provided sufficient facts to plausibly support each asserted violation. Furthermore, he does not include factual allegations that would subject these municipalities to liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and subsequent cases governing municipal liability. Therefore, the City of Reno and City of Sparks should be dismissed.

///

Plaintiff only sues Mayor Schieve and Mayor Smith in their official capacities. This is the same as a suit against the local government itself. *See Brandon v. Holt*, 469 U.S. 464 (1985).Therefore, Mayor Schieve and Mayor Smith should be dismissed as well.

It is not entirely clear whether Plaintiff could amend to state some colorable claim against the Cities of Reno and Sparks. Therefore, the dismissal against those defendants should be with leave to amend.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** as to the State of Nevada, Nevada National Guard and Governor Steve Sisolak, and **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** as to defendants City of Reno, City of Sparks, Mayor Schieve, and Mayor Smith (however, to the extent he elects to file an amended complaint as to the Cities of Reno and Sparks, Mayors Schieve and Smith need not be named in their official capacities).

(4) Plaintiff should be given 30 days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint

will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be advised that if he fails to file an amended complaint within the 30 days, the action may be dismissed.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 17, 2019.

William G. Cobb
United States Magistrate Judge