UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATH VINCENT FULKERSON, | Case No. 3:19-cv-00721-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendant. | |

Plaintiff Heath Vincent Fulkerson sues various Nevada state officials and subdivisions under 42 U.S.C. § 1983, alleging they have violated unspecified constitutional rights relating to his internet access and their failure to properly investigate burglaries of Plaintiff's residence. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 5), recommending that the Court grant Plaintiff's *in forma pauperis* application ("IFP Application"), but dismiss this case, in part with prejudice because Plaintiff attempts to sue entities and people he cannot, and in part without prejudice because he may be able to state a claim against other people and entities. Plaintiff had until December 31, 2019 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and will dismiss this case.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the

subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff has failed to object to Judge Cobb's recommendation to grant Plaintiff's IFP application but dismiss this case, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Cobb found that Plaintiff's case against the State of Nevada, the Nevada National Guard, and Governor Steve Sisolak, Reno Mayor Hillary Schieve, and Sparks Mayor Ron Smith in their official capacities should be dismissed with prejudice because they may not be sued under Section 1983. (ECF No. 5 at 4-7.) Judge Cobb further found that Plaintiff's suit against the City of Sparks and the City of Reno should also be dismissed because he has not pled any factual allegations giving rise to a plausible claim for relief against them, but decided those dismissals should be without prejudice because Plaintiff could conceivably sue those entities "under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and subsequent cases governing municipal liability." (*Id.* at 5-6.) Having reviewed the R&R and the Complaint (ECF No. 1-1), the Court agrees with Judge Cobb.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's case is dismissed with prejudice as to the State of Nevada, the Nevada National Guard, and Governor Sisolak, Mayor Schieve, and Mayor Smith in their official capacities, but is dismissed without prejudice and with leave to amend as to the Cities of Reno and Sparks.

It is further ordered that, if Plaintiff chooses to file an amended complaint correcting the deficiencies noted in the R&R, he must do so within 30 days of the date of entry of this order. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the Court. Plaintiff must clearly title the amended pleading "AMENDED COMPLAINT." The Court advises Plaintiff that it will dismiss this case in its entirety if he fails to file an amended complaint within 30 days of the date of entry of this order.

DATED THIS 6th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE