UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00721-MMD-WGC<br><br>ORDER |

On January 6, 2020, the Court directed Plaintiff to file an amended complaint within 30 days. (ECF No. 6.) That deadline has has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

///

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly stated: "The Court advises Plaintiff that it will dismiss this case in its entirety if he fails to file an amended complaint within 30 days of the date of entry of this order." (ECF No. 6 at 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with the Court's prior order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE